UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Khowoonsun Chong | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Jeffrey Chartier, Pro Se | | Garrett Coyle, AUSA | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Dkt. 7, filed May 8, 2015)

## I. INTRODUCTION

On January 22, 2015, *pro se* plaintiff Jeffrey Chartier filed the instant action against defendant Anthony Foxx, in his capacity as Secretary of the United States Department of Transportation, Federal Aviation Administration ("FAA") (referred to herein as "defendant" or "the government"). Dkt. 1. Although the contours of plaintiff's claims are unclear from the complaint itself, in his opposition to the instant motion, plaintiff clarifies that he alleges the following: (1) discriminatory accrual of retirement benefits; (2) discriminatory promotion eligibility requirements; and (3) discriminatory reassignment of plaintiff's duties. Id.; see also Opp'n Mot. Dismiss at 5. Plaintiff appears to bring his claims pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

On May 8, 2015, defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 7. Plaintiff opposed the motion, and requested a continuance, on May 22, 2015. Dkt. 8.[1] Defendant replied on

---

[1] The Court DENIES plaintiff's request to continue the hearing on this motion.

Plaintiff's opposition is also styled as a "Notice of Motion of Request for Sanctions for Fraud, Misrepresentation and Late Filing." Plaintiff, however, filed this motion on May 22, 2015, yet scheduled the hearing date for June 8, 2015, which does not comport with the 28-day notice period required by Local Rule 6-1. Moreover, plaintiff provides no basis for sanctions and fails to identify any supposed fraud. In addition, plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

June 3, 2015. Dkt. 10. The Court held a hearing on June 8, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff is a former air traffic controller at the Los Angeles Air Route Traffic Control Center ("Los Angeles ARTCC"). See Compl. ¶¶ 1-5. On November 7, 1997, plaintiff suffered a hypertensive stroke and was medically disqualified for the air traffic controller position. Id. ¶ 5. Plaintiff was subsequently reassigned to a staff support specialist position at the same salary on March 29, 1998, Toscano Decl. Ex. 2 (March 29, 1998 personnel action notification), and plaintiff's retirement status was altered to reflect this change in his position, Compl. ¶ 6. Plaintiff alleges that he was not told of the reassignment. Id.

In April 1998, plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint, seeking a reasonable accommodation (the "1998 Complaint"). Compl. ¶¶ 7-8; Toscano Decl. Ex. 3 (Apr. 14, 1998 EEO complaint). Also in April 1998, plaintiff filed for disability retirement with both the United States Office of Workers' Compensation Programs and the Office of Personnel Management. Compl. ¶ 7. Before his EEO complaint was resolved, plaintiff received disability retirement and left the FAA in June 1998. Compl. ¶ 8; Toscano Decl. Ex. 4 (June 20, 1998 personnel action notification).

In 2002, plaintiff, represented by counsel, settled his 1998 Complaint with the FAA (the "2002 Settlement Agreement") by agreeing to be rehired as a staff support specialist, a position not requiring medical qualification. See Compl. ¶ 8; Toscano Decl.

---

argument that defendant's response to the complaint was late appears to be mistaken. Although there is no proof of service on the U.S. Attorney's Office on record, defendant states that the U.S. Attorney's Office was not served until March 11, 2015. Reply at 2. Under Federal Rule of Civil Procedure 12(a)(2), "a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Sixty days from March 11, 2015 is May 10, 2015. Because defendant filed the instant motion on May 8, 2015, dkt. 7, the motion is timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

Ex. 5. Seven years later, plaintiff consulted an EEO counselor, claiming that he was fraudulently induced to settle his 1998 Complaint because he was never given the 1998 personnel action notification form indicating his reassignment to a staff support specialist position. Compl. ¶¶ 7–8; Toscano Decl. Ex. 9 (July 15, 2009 FAA EEO counselor's report). Plaintiff then filed a formal EEO complaint of discrimination on July 10, 2009. Toscano Decl. Ex. 10 (July 10, 2009 formal EEO complaint). The FAA issued its final agency decision dismissing plaintiff's EEO complaint on April 1, 2011. Toscano Decl. Ex. 12 (Apr. 1, 2011 FAA final agency decision).

Two years later, plaintiff filed a formal EEO complaint of discrimination on August 14, 2013 (the "2013 Complaint"). Compl. ¶ 10; Toscano Decl. Ex. 13 (Sept. 27, 2013 FAA EEO counselor's report) & 14 (September 24, 2013 formal EEO complaint). The 2013 Complaint challenged allegedly discriminatory practices regarding plaintiff's (1) retirement accrual and (2) promotional eligibility. Id.

Plaintiff's retirement accrual claim alleged that the FAA discriminated against him on the basis of his disability because he earned retirement benefits at the lower rate provided to staff support specialists (1.0% of annual salary—so-called "bad time"), whereas Lisa McCurdy, a temporary staff support specialist, continued to earn retirement benefits at the higher rate provided to air traffic controllers (1.7% of annual salary—so-called "good time"). See Compl. ¶ 9; Toscano Decl. Ex. 14. Plaintiff's promotional eligibility claim alleged that the FAA discriminated against him on the basis of his disability because his medication rendered him ineligible for the one year of operational duties normally required for promotion to supervisor—even though another FAA staff support specialist was allegedly promoted to a supervisor position without the requisite one year of operational duties. Compl. ¶ 10; Toscano Decl. Ex. 14.

The FAA accepted both of the claims in the 2013 Complaint for investigation. Toscano Decl. Ex. 15 (October 30, 2013 FAA notice of acceptance); see Compl. ¶ 11. After receiving the FAA's report of investigation, plaintiff requested a hearing from an administrative judge. Toscano Decl. Ex. 16. (Mar. 4, 2014 request for hearing from administrative judge); see Compl. ¶ 11. His complaint is currently before an administrative judge awaiting a hearing date. Compl. ¶ 11 ("The cases have stalled for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

nearly a year."); Toscano Decl. Ex. 17 (March 17, 2014 EEO acknowledgment and order).

In November 2014, plaintiff was transferred from the airspace and procedures department at Los Angeles ARTCC to the quality control department due to his "erratic schedule." Compl. ¶ 11. Plaintiff subsequently filed another formal EEO discrimination complaint on December 19, 2014 (the "2014 Complaint"), alleging that the change in his assigned duties was discriminatory. Compl. ¶ 11; Toscano Decl. Ex. 18 (Dec. 19, 2014 formal EEO complaint). The FAA accepted the 2014 Complaint for investigation on January 9, 2015, but has not issued a final agency decision. Toscano Decl. Ex. 19 (Jan. 9, 2015 FAA notice of acceptance).

Ultimately, plaintiff "requests that the Central District Court accept[] these cases as the EEOC seems overwhelmed by funding cuts, . . . [and] [t]he EEOC system seemingly benefits those that are allegedly responsible for discrimination as the Agencies[]have vast resources and personnel." Compl. ¶ 11.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y.1964), aff'd 339 F.2d 823 (2d Cir.1964) ("In considering the plea for lack of jurisdiction, the formal allegations must yield to the substance of the claim."). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir.2003). Therefore, when considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain

Case 2:15-cv-00462-CAS-SH   Document 11   Filed 06/08/15   Page 5 of 13   Page ID #:221

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                'O'

| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 778–79 (9th Cir.2000).

**B.    Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under Rule 12(b)(6), a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir.2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal ); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir.1996), rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir.1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001).

## IV. DISCUSSION

As set forth above, plaintiff asserts the following three claims: (1) discriminatory accrual of retirement benefits; (2) discriminatory promotion eligibility requirements; and (3) discriminatory reassignment of plaintiff's duties. Opp'n Mot. Dismiss at 5; See generally Compl.[2] The Court addresses each claim in turn.

### A. Discriminatory Accrual of Retirement Benefits

The government contends that plaintiff's claim challenging the accrual of his retirement benefits must be dismissed because it is time-barred, administratively unexhausted, and fails to state a claim. Mot. Dismiss at 11.

---

[2] The government construed plaintiff's complaint as asserting the following five claims: (1) plaintiff's medical disqualification for his 1997 stroke violated a civil service regulation; (2) plaintiff was fraudulently induced into settling his EEO complaint in exchange for the staff support specialist position plaintiff had already been given; (3) discriminatory accrual of retirement benefits; (4) discriminatory promotion eligibility requirements; and (5) a change to his assigned duties was discriminatory and violated his 2002 settlement agreement. Mot. Dismiss at 1. In plaintiff's opposition, he clarifies that he only asserts the three latter claims. Opp'n Mot. Dismiss at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

### 1. Whether the claim is time-barred

First, the government contends that plaintiff's claim challenging his retirement accrual is barred by the 45-day limitations period for consulting an EEO counselor. Pursuant to 29 C.F.R. § 1614.105, a federal employee who believes he has been discriminated against on the basis of disability "must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). "[A] court may not consider a discrimination claim that has not been exhausted in this manner absent a basis for equitable tolling." Steele v. Schafer, 535 F.3d 689, 693 (D.C. Cir. 2008); Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997) ("The requirement that a claim of discrimination be timely filed with the agency is subject to the doctrine of equitable tolling."). The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where []he had neither actual nor constructive notice of the filing period." Leorna, 105 F.3d at 551. "However, once a claimant retains counsel, tolling ceases because []he has 'gained the 'means of knowledge' of h[is] rights and can be charged with constructive knowledge of the law's requirements.'" Id. at 551 (quoting Stallcop v. Kaiser Found. Hospitals, 820 F.2d 1044, 1050 (9th Cir. 1987)).

In his complaint, plaintiff states that he did not learn of the allegedly discriminatory retirement accrual until August 2013, when he discovered that co-worker and temporary support staff specialist McCurdy was accruing retirement benefits at a rate of 1.7%, whereas plaintiff was accruing benefits at a rate of 1.0%. Compl. ¶ 9. If the 45-day period under 29 C.F.R. § 1614.105(a)(1) was triggered on this date, it appears that plaintiff timely consulted an EEO counselor in September 2013. The government, however, contends that the 45-day time limit was triggered in 2002, when plaintiff—represented by counsel, Compl. ¶ 8—entered into the 2002 Settlement Agreement, pursuant to which plaintiff resumed working for the FAA, but as a staff support specialist rather than as an air traffic controller. Mot. Dismiss at 12. Because plaintiff was represented by counsel during the settlement negotiations, the government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

contends that plaintiff had constructive notice of his allegedly discriminatory retirement accrual no later than 2002. Id.

The Court is unpersuaded by the government's contentions. Nothing in plaintiff's complaint indicates that, when plaintiff was represented by counsel in 2002, temporary staff support specialists like McCurdy were accruing retirement benefits at a higher rate than permanent staff support specialists like plaintiff. Indeed, in his opposition, plaintiff asserts that "the practice where they discounted support specialist time changed somewhere in the time frame from 2008 to 2011." Opp'n Mot. Dismiss at 7. Construing the complaint in the light most favorable to plaintiff, the Court accepts as true plaintiff's allegation that he did not learn of the allegedly discriminatory nature of his retirement accrual until August 2013. The 45-day time bar is thus inapplicable to this claim.

### 2. Whether plaintiff has failed to exhaust his administrative remedies

Next, the government asserts that the discriminatory retirement accrual claim fails because it is administratively unexhausted. A federal employee asserting a claim of workplace discrimination under the Rehabilitation Act must exhaust his administrative remedies before filing a civil action in district court. Boyd v. U.S. Postal Serv., 752 F.2d 410, 412-14 (9th Cir. 1985). The Rehabilitation Act incorporates the administrative exhaustion procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). Bullock v. Berrien, 688 F.3d 613, 615 (9th Cir. 2012) (citing 29 U.S.C. § 794a(a)(1)). After consulting with an EEO counselor, discussed supra, the employee must subsequently file a formal discrimination complaint with his employing government agency, 29 C.F.R. § 1614.106(a). The agency, in turn, must either dismiss the complaint or investigate it. 29 C.F.R. § 1614.107. Once the agency completes its investigation, the employee can either request a hearing and decision from an EEOC administrative judge, or request an immediate final decision from the agency. 29 C.F.R. § 1614.108. Pursuant to 29 C.F.R. § 1614.407, an employee who has filed a formal discrimination complaint withe the EEOC may file a civil action in district court, inter alia, "[a]fter 180 days from the date of filing a[] . . . complaint if an appeal has not been filed and final action has not been taken." 29 C.F.R. § 1614.407(b); 42 U.S.C. § 2000e–16(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

      Here, plaintiff filed a formal complaint on August 14, 2013, received an investigative report from the FAA, and subsequently requested a hearing from an EEOC administrative judge. Mot. Dismiss at 5. Plaintiff's complaint is currently before an EEOC administrative judge awaiting a hearing date and, in defendant's own words "the FAA has not issued a final agency decision on the complaint." Id. Citing Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir. 1995), the government contends that plaintiff "may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts." However, Greenlaw itself explains that "[c]ivil actions may also be filed if after 180 days the agency *or* EEOC fails to take final action on the matter." Id. at 997, n. 7 (emphasis added);³ Bullock, 688 F.3d at 616 ("The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time." citing 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b)); accord Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001) ("The lawsuit was timely because it was filed . . . more than 180 days after her initial complaint was submitted for final agency action." citing 29 C.F.R. 1614.407(a) & (b)). Indeed, as the Court of Appeals for the District of Columbia has explained:

> The 180 day provision represents a Congressional determination that providing prompt access to the courts in discrimination disputes is so important that the administrative process will be given only a finite time to deal alone with a given dispute. . . . Requiring a complainant to further pursue administrative remedies after fulfilling all the prerequisites to suit

---

    ³ Moreover, in stating that "[a] plaintiff may not cut short the administrative process prior to its final disposition . . ." 59 F.3d at 997, the Greenlaw court relied on Rivera v. United States Postal Service, 830 F.2d 1037, 1039 (9th Cir. 1987). Rivera held that a claimant who withdraws his administrative claim prior to its final disposition fails to exhaust administrative remedies, and noted that "[i]mpatience with the agency does not justify immediate resort to the courts." In 2012, however, the Ninth Circuit concluded that "Rivera is no longer good law." 688 F.3d at 617.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

specified by the EEOA, and most importantly, after 180 days have elapsed without final administrative action, would frustrate that response.

Wilson v. Pena, 79 F.3d 154, 167 (D.C. Cir. 1996 (quoting Grubbs v. Butz, 514 F.2d 1323, 1327-28 (D.C. Cir. 1975)).

The government, apparently misreading 29 C.F.R. § 1614.407, contends that this regulation "gives the complainant three options if 180 days have passed since filing a formal discrimination complaint with the agency: (1) request a hearing from an EEOC administrative judge, (2) file a district court action, or (3) request a final agency decision." The government proffers no support for this interpretation of the regulation and the Court has found none. Accordingly, by filing this instant civil action in January 2015—well in excess of 180 days since lodging his formal, unresolved discrimination complaint—plaintiff has exhausted his administrative remedies.

### 3.     Whether plaintiff has failed to state a claim

Finally, the government contends that plaintiff's claim for discriminatory retirement accrual fails as a matter of law. Mot. Dismiss at 13. Construing plaintiff's claim as one for disparate treatment on the basis of disability, the government contends that plaintiff has failed to allege a *prima facie* case, since he has not identified "at least one 'similarly situated' nondisabled employee." Id. Plaintiff does not proffer a meaningful response.

The Supreme Court "has consistently recognized a distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact." Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003) (construing the Americans with Disabilities Act of 1990 (ADA)); see Vinson v. Thomas, 288 F.3d 1145, 1152 (9th Cir. 2002) (explaining that there is no significant difference in the analysis of rights and obligations created by the ADA and the Rehabilitation Act, and thus the two Acts are construed the same). In a disparate treatment case, "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic]." Id. (quoting another source). In contrast, "disparate-impact claims 'involve employment practices that are facially neutral in their treatment of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.' " Id. Distinct analytical frameworks apply to each theory of discrimination. See id. at 52-55.

It is unclear from the complaint which theory of discrimination plaintiff asserts. Seizing upon plaintiff's allegations concerning co-worker McCurdy's differential rate of retirement accrual, Compl. ¶ 8, the government construes plaintiff's claim as one for disparate treatment. Mot. Dismiss at 15. Although this appears to be a plausible interpretation of plaintiff's allegations, plaintiff also alleges that certain vague "practices" regarding the classification of staff support specialists and air traffic controllers "result . . . in disparate retirement benefits for those that are handicapped." Compl. ¶ 10. These latter allegations sound in a theory of disparate impact.

Because the Court cannot discern the legal theory pursuant to which plaintiff asserts his claim for discriminatory retirement accrual, the Court cannot conclude that plaintiff has alleged sufficient facts to support that theory. See Conservation Force v. Salazar, 646 F.3d at 1242. Accordingly, the Court GRANTS without prejudice the government's motion to dismiss plaintiff's claim for discriminatory accrual of retirement benefits.

### B. Discriminatory Promotion Eligibility Requirements

The government contends that plaintiff's claim concerning promotional eligibility requirements must be dismissed because it is administratively unexhausted. Mot. Dismiss at 15. However, as the government points out, plaintiff presented this claim to the FAA in the same 2013 Complaint in which plaintiff presented his claim for discriminatory retirement accrual. Id. Thus, for the reasons stated above in connection with plaintiff's retirement accrual claim, the Court finds that plaintiff has exhausted his administrative remedies as to his promotion eligibility claim. The government's motion to dismiss the promotion eligibility claim is therefore DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

### C. Discriminatory Change of Plaintiff's Assigned Duties

Lastly, plaintiff claims that the 2014 change in his assigned duties at Los Angeles ARTCC was discriminatory and "likely" violated the 2002 Settlement Agreement. Compl. ¶ 11. Defendant contends that this claim must be dismissed because it is not administratively exhausted and the Court lacks subject matter jurisdiction over actions to enforce such settlement agreements. Mot. Dismiss at 16-17.

The Court agrees that plaintiff has failed to administratively exhaust this claim. Pursuant to 42 U.S.C. § 2000e-16, a federal employee "aggrieved . . . by the failure to take final action on his complaint," may file a civil action "one hundred and eighty days from the filing of the initial charge." 42 U.S.C.A. § 2000e-16(c). This 180-day waiting period is mandatory. Murthy v. Vilsack, 609 F.3d 460, 465 (D.C. Cir. 2010) (explaining that "Congress sought to allow a period for the EEOC to investigate and attempt to resolve charges through conciliation."); Smith v. Donahoe, 917 F. Supp. 2d 562, 570 (E.D. Va.), aff'd in part, appeal dismissed in part, 542 F. App'x 230 (4th Cir. 2013) (" [A] federal employee only can file his or her complaint in federal court after the completion of a 180 day period from the filing of his or her administrative complaint with the agency." (construing 42 U.S.C.A. § 2000e-16(c) and 29 C.F.R. § 1614.407(b))). Here, plaintiff filed his 2014 Complaint concerning the change in his assigned duties in December 2014, but waited just over a month to file the instant civil action in January 2015. Because plaintiff failed to comply with the mandatory 180-day waiting period set forth in 42 U.S.C.A. § 2000e-16(c), plaintiff has failed to exhaust his administrative remedies.

Administrative exhaustion aside, defendant also contends that the Court lacks subject matter jurisdiction over claims, such as plaintiff's, to enforce settlement agreements with the federal government. Defendant relies on Munoz v. Mabus, 630 F.3d 856, 862 (9th Cir. 2010), where the court held that "Congress' waiver of sovereign immunity under Title VII does not extend to suits to enforce settlement agreements entered into without genuine investigation, reasonable cause determination, and conciliation efforts by the EEOC." To the extent that plaintiff alleges a breach of the settlement agreement, it thus appears that the Court lacks subject matter jurisdiction over plaintiff's claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS(SHx) | Date | June 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

     However, as this Court recently explained, the Munoz court "implicitly held that a claim for retaliation under Title VII is distinct from a claim for breach of a settlement agreement with the federal government, *even if the conduct underlying those two claims is the same.*" Korsunka v. Johnson, 2014 WL 1716086, at *2 (C.D. Cal. Apr. 30, 2014) (emphasis added). "The [Munoz] court also implicitly held that district courts have jurisdiction to adjudicate such a retaliation claim, even though they lack jurisdiction over the claim for breach of the settlement agreement." Id. Applying this principle to the instant case, it appears that the conduct underlying plaintiff's claim that the change in his assigned duties was discriminatory is the same conduct that "likely" breached the Settlement Agreement. Compl. ¶ 11 (alleging that change in assigned duties "was discriminatory and was likely violating the Settlement Agreement to be returned as a Staff Support Specialist."). Indeed, in plaintiff's 2014 Complaint, plaintiff makes no reference to the 2002 Settlement Agreement or any breach thereof. Toscano Decl. Ex. 18 (Dec. 19, 2014 formal EEO complaint). Accordingly, construing plaintiff's claim for discriminatory reassignment as distinct from any claim that defendant breached the 2002 Settlement Agreement, the Court concludes that it does not lack subject matter jurisdiction over the reassignment claim.

     Nonetheless, because plaintiff has not administratively exhausted his discriminatory reassignment claim, the Court GRANTS without prejudice the government's motion to dismis.

## V. CONCLUSION

     In accordance with the foregoing, defendant's motion to dismiss is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED without prejudice as to plaintiff's claims for discriminatory accrual of retirement benefits and discriminatory reassignment. The motion is otherwise DENIED. Plaintiff shall have until **Thursday, August 13, 2015** to file a first amended complaint that addresses the deficiencies identified herein.

     IT IS SO ORDERED.

| | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |