UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. 16, filed August 24, 2015)

## I. INTRODUCTION

On July 21, 2015, *pro se* plaintiff Jeffrey Cartier filed his First Amended Complaint ("FAC") against defendant Anthony Foxx, in his capacity as Secretary of the United States Department of Transportation, Federal Aviation Administration ("FAA") (referred to herein as "defendant" or "the government"). Dkt. 12. In his FAC, plaintiff alleges the following: (1) disparate impact and disparate treatment from the discriminatory accrual of retirement benefits; and (2) disparate impact and disparate treatment from discriminatory promotion eligibility requirements. See generally FAC.

Plaintiff brings his first claim pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and his second claim pursuant to both the ADA and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. FAC ¶¶ 66, 75, 77. Because federal agencies are exempt from the ADA, 42 U.S.C. § 12111(5)(B)(i), however, the Court construes all of plaintiff's claims as having been brought under the Rehabilitation Act.

On August 24, 2015, defendant filed a motion for partial dismissal of the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 16. On September 3, 2015, plaintiff filed his opposition. Dkt. 18. On September 14, 2015, defendant filed a reply. Dkt. 22. The Court held a hearing on September 28, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

## II.   BACKGROUND

Plaintiff was an air traffic controller for the FAA from 1987 to 1998.  FAC ¶¶ 5, 12.  He suffered a hypertensive stroke in November 1997, was medically disqualified from working as an air traffic controller, and received disability retirement in June 1998.  Id. ¶¶ 7, 8, 12, Ex. 5.  In April 2002, Plaintiff returned to the FAA to work as a staff support specialist.  Id. ¶ 24.

On September 24, 2013, plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint of discrimination.  Toscano Decl. Exs. 1 (Sept. 27, 2013 EEO counselor's report) & 2 (Sep. 24, 2013 EEO charge filed by plaintiff).  The complaint alleged disability-based discrimination concerning plaintiff's (1) accrual of retirement benefits and (2) promotional eligibility.  Id.

Plaintiff's retirement benefits claim alleged that he accrued retirement benefits at the lower rate provided to "permanent" staff support specialists (1.0% of annual salary—so-called "bad time"), whereas Lisa McCurdy, a "temporary" staff support specialist, continued to earn retirement benefits at the higher rate provided to air traffic controllers (1.7% of annual salary—so-called "good time").  See FAC ¶¶ 30, 65; Toscano Decl. Exs. 1 & 2.  Plaintiff's promotional eligibility claim alleged that his medical condition prevented him from performing operational duties required for promotion, whereas Robert Gagliano, another staff support specialist, was promoted even though he allegedly lacked the requisite operational experience.  See FAC ¶¶ 41-47; Toscano Decl. Exs. 1 & 2.

The FAA accepted both of plaintiff's claims for investigation.  Toscano Decl. Ex. 3 (Oct. 30, 2013 FAA notice of acceptance).  As of June 8, 2015, plaintiff's EEO complaint is before an administrative judge awaiting a hearing date.  Chartier v. Foxx, 2015 WL 3617024, at *2 (C.D. Cal. Jun. 8, 2015).

In November 2014, plaintiff was transferred from the airspace and procedures department at the Los Angeles Air Route Traffic Control Center to the quality control department.  Id.  On December 19, 2014, plaintiff filed another formal EEO complaint alleging that the change in his assigned duties was discriminatory.  Id.  The FAA accepted the complaint for investigation but has not issued a final agency decision.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

On January 22, 2015, plaintiff filed his complaint asserting three claims: (1) discriminatory accrual of retirement benefits; (2) discriminatory promotional eligibility; and (3) discriminatory reassignment of duties. Dkt. 1. Granting in part and denying in part the government's May 8, 2015 motion to dismiss plaintiff's complaint, the Court held as follows: (1) plaintiff administratively exhausted his retirement benefits claim but failed to state a claim because he did not specify whether he was bringing a disparate impact claim or a disparate treatment claim; (2) plaintiff administratively exhausted his promotional eligibility claim; and (3) plaintiff did not administratively exhaust his reassignment claim. Dkt. 7; Chartier, 2015 WL 3617024, at *5-8.

In his FAC, plaintiff asserts both disparate impact and disparate treatment claims concerning the accrual of retirement benefits and promotional eligibility. See generally FAC. Plaintiff does not re-assert his reassignment claim.[1]

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) ("In considering the plea for lack of jurisdiction, the formal allegations must yield to the substance of the claim."). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Therefore, when considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a

---

[1] According to the government, plaintiff resolved his reassignment claim with the FAA through the administrative process. Opp'n Mot. Dismiss at 6 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

  **B. Rule 12(b)(6)**

  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under Rule 12(b)(6), a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988), overruled on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 552-63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. 1955. "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

  In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

## IV. DISCUSSION

As set forth above, plaintiff asserts the following claims: (1) disparate impact and disparate treatment from the discriminatory accrual of retirement benefits; and (2) disparate impact and disparate treatment from discriminatory promotion eligibility requirements. See generally FAC. Given that disparate impact and disparate treatment are two separate theories of discrimination requiring different analysis, as explained below, the Court construes plaintiff's FAC to consist of the following four claims: (1) disparate impact in the accrual of retirement benefits; (2) disparate impact in promotional eligibility; (3) disparate treatment in the accrual of retirement benefits; and (4) disparate treatment in promotional eligibility. The government does not seek to dismiss plaintiff's fourth claim. Mot. Dismiss at 1:26-28. The Court, therefore, addresses plaintiff's first three claims as well as his demand for punitive damages.

### A. Disparate Impact in Accrual of Retirement Benefits

The government contends that plaintiff's disparate impact claim concerning the accrual of retirement benefits must be dismissed because it is administratively unexhausted. Mot. Dismiss at 11:1-3. The government reasons that, because the claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

that plaintiff filed with the FAA was solely a disparate treatment claim, no disparate impact investigation could reasonably have been expected to grow out of the facts alleged in plaintiff's EEO complaint. Mot. Dismiss at 11:1-26.

"When an employee seeks judicial relief for incidents not listed in his original [agency] charge, a federal court may assume jurisdiction over the new claims if they are 'like or reasonably related to the allegations of the [agency] charge.' " Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir. 1984) (quoting Oubichon v. Northern American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)). This standard is met where the allegations in the civil suit are within the scope of the administrative investigation "which can reasonably be expected to grow out of the charge of discrimination." Brown, 732 F.2d at 730 (citations omitted). The Brown court explained the rationale behind this rule in the context of Title VII cases:

> Where claims are *not* so closely related that agency action would be redundant, the [agency] must be afforded an opportunity to consider disputes before federal suits are initiated. Bypassing the administrative process under such circumstances frustrates the policy of encouraging informal conciliation and fostering voluntary compliance with Title VII.

Id. (emphasis in original).

Applying this standard, the Court agrees with the government that plaintiff's disparate impact claim is administratively unexhausted. Disparate impact and disparate treatment are two distinct theories of discrimination. Raytheon Co. v. Hernandez, 540 U.S. 44, 52-55 (2003) (construing the ADA); see Vinson v. Thomas, 288 F.3d 1145, 1152 (9th Cir. 2002) (explaining that there is no significant difference in the analysis of rights and obligations created by the ADA and the Rehabilitation Act, and thus the two Acts are construed the same). In a disparate treatment case, "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic.]" Raytheon Co., 540 U.S. at 52. "By contrast, disparate-impact claims 'involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.' " Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

    Here, plaintiff's EEO complaint alleged a disparate treatment claim to the effect that a non-disabled coworker with a similar job title accrued retirement benefits at a higher rate than he did. Toscano Decl. Ex. 1 at 3. In other words, he alleged that he was being treated less favorably than his coworker. He did not allege any facially neutral practice that falls more harshly on him than on his coworker. The FAA cannot, therefore, be expected to have investigated the facts relevant to his disparate impact claim when presented only with his disparate treatment claim. See Pacheco v. Mineta, 448 F.3d 783, 791-92 (5th Cir. 2006) (holding that disparate impact investigation could not reasonably have been expected to grow out of plaintiff's administrative charge because plaintiff alleged disparate treatment and identified no neutral employment policy); Goethe v. Cal. Dep't of Motor Vehicles, 2008 WL 489554, at *5 (E.D. Cal. Feb. 20, 2008) ("[T]he majority of district court cases have held that complainants' disparate impact claims were not reasonably related to properly exhausted discrimination claims."); cf. Gomes v. Avco Corp., 964 F.2d 1330, 1334-35 (2d Cir. 1992) (finding that investigation of plaintiff's disparate impact claim would reasonably have flowed from investigation of his disparate treatment claim where plaintiff's agency complaint identified a facially neutral practice).

    Because plaintiff did not administratively exhaust his disparate impact claim regarding the accrual of retirement benefits, the Court GRANTS the government's motion to dismiss.[2]

### B. Disparate Impact in Promotional Eligibility

    The government contends that plaintiff's disparate impact claim concerning his promotional eligibility must be dismissed because it is administratively unexhausted. Mot. Dismiss at 9:24-26. According to the government, because the claim that plaintiff filed with the FAA was solely a disparate treatment claim, no disparate impact investigation could reasonably have been expected to grow out of the facts alleged in plaintiff's EEO complaint. Id. at 9:26-10:27.

---

    [2] Plaintiff notes in his opposition that, on August 31, 2015, he submitted new EEO complaints asserting disparate impact claims. Opp'n Mot. Dismiss at ¶ 23, Ex. 2. Because the issue of timeliness and adequacy of these claims is not before the Court at this time, the Court declines to consider their effect, if any, in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

The Court agrees. The charge in plaintiff's EEO complaint—that he was denied promotion while a non-disabled coworker with the same job title was promoted—is a disparate treatment claim. Toscano Decl. Ex. 1 at 3; see Raytheon Co., 540 U.S. at 52. For the reasons stated above in connection with plaintiff's claim regarding the accrual of retirement benefits, therefore, the Court GRANTS the government's motion to dismiss.

### C.   Disparate Treatment in Accrual of Retirement Benefits

The government contends that plaintiff's disparate treatment claim concerning the accrual of retirement benefits fails to state a claim because the non-disabled employees that he compares himself with are not "similarly situated." Mot. Dismiss at 12:1-5. That is, unlike plaintiff who is a "permanent" staff support specialist, "temporary" staff support specialists are medically operational air traffic controllers who are temporarily reassigned to staff support specialist positions. Mot. Dismiss at 12:18-22.

Taking plaintiff's allegations as true, it appears to the Court that plaintiff has sufficiently identified "similarly situated" individuals to withstand a motion to dismiss had he been able to bring a claim under the ADA. However, because plaintiff must bring his claim under the Rehabilitation Act, he must allege that (1) he is disabled within the meaning of the Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his disability; and (4) the program providing the benefit or services receives federal financial assistance. Huezo v. L.A. Cmty. College Dist., 672 F. Supp. 2d 1045, 1049 (C.D. Cal. 2008) (citing Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990)).

Here, reading the FAC in the light most favorable to plaintiff, he has failed to allege the first and second elements of a claim under the Rehabilitation Act. The Court, therefore, GRANTS the government's motion to dismiss plaintiff's disparate treatment claim concerning the accrual of his retirement benefits.

### D.   Punitive Damages

In his FAC, plaintiff seeks punitive damages against the government. FAC, Prayer for Relief, at ¶ 3. However, punitive damages are not available against government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | September 28, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

agencies under the Rehabilitation Act. 29 U.S.C. § 794a(a)(2) (adopting Title VII remedies for claims brought under Rehabilitation Act); 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice . . . .") (emphasis added). The Court, therefore, strikes from the FAC plaintiff's demand for punitive damages.

## V.     CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is GRANTED. Specifically, the motion is granted as to plaintiff's disparate impact claims concerning the accrual of retirement benefits and promotional eligibility and as to plaintiff's disparate treatment claim concerning the accrual of retirement benefits, with leave to amend. Plaintiff may proceed with his disparate treatment claim concerning promotional eligibility, which the government does not challenge in its motion.

Plaintiff shall have until **Friday, October 30, 2015** to file a second amended complaint if he wishes to address the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |