UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS) MOTION FOR PARTIAL DISMISSAL OF SECOND AMENDED COMPLAINT (Dkt. 27, filed November 13, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, this matter is hereby taken under submission.

## I.   INTRODUCTION

On October 26, 2015, *pro se* plaintiff Jeffrey Chartier filed the operative Second Amended Complaint ("SAC") against defendant Anthony Foxx, in his capacity as Secretary of the United States Department of Transportation, Federal Aviation Administration ("FAA") (referred to herein as "defendant" or "the government"). Dkt. 25. Pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq., plaintiff alleges in his SAC (1) a claim for disparate impact from the discriminatory accrual of retirement benefits; and (2) a claim for both disparate impact and disparate treatment from discriminatory promotion eligibility requirements. See SAC ¶¶ 30-49.

On November 13, 2015, defendant filed a motion for partial dismissal of the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 27. According to defendant, the motion was filed unilaterally because plaintiff declined to participate in the pre-filing conference required by Local Rule 7-3. Declaration of AUSA Garrett Coyle (Dkt. 27-2), ¶ 2. Accordingly, defendant's motion is unopposed.[1]

---

[1]   Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

## II. BACKGROUND

Plaintiff was employed as an FAA air traffic controller when he suffered a hypertensive stroke in 1997. SAC ¶ 5. Plaintiff was thereafter medically disqualified from working as an air traffic controller and received disability retirement in 1998. Id. ¶ 6, Ex. 3. Plaintiff later returned to the FAA to work as a staff support specialist. Id. ¶ 6.

On September 24, 2013, plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint of discrimination. See Declaration of Lisa J. Toscano (Dkt. 27-1, "Toscano Decl."), Ex. 1 (September 27, 2013 EEO Counselor's Report) & Ex. 2 (Plaintiff's September 24, 2013 EEO Complaint). The complaint alleged disability-based discrimination concerning plaintiff's (1) accrual of retirement benefits and (2) promotional eligibility. Id.

Plaintiff's retirement benefits claim alleged that he accrued retirement benefits at the lower rate provided to "permanent" staff support specialists (1.0% of annual salary—so-called "bad time"), whereas Lisa McCurdy, a "temporary" staff support specialist, continued to earn retirement benefits at the higher rate provided to air traffic controllers (1.7% of annual salary—so-called "good time"). See SAC ¶¶ 12, 15; Toscano Decl. Exs. 1 & 2. Plaintiff's promotional eligibility claim alleged that his medical condition prevented him from performing operational duties required for promotion, whereas Robert Gagliano, another staff support specialist, was promoted even though he allegedly lacked the requisite operational experience. See SAC ¶¶ 23-29; Toscano Decl. Exs. 1 & 2.

The FAA accepted both of plaintiff's claims for investigation. Toscano Decl., Ex. 3 (October 30, 2013 FAA Notice of Acceptance). As of June 8, 2015, plaintiff's EEO

---

the motion." C.D. Cal. L.R. 7–12. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a *pro se* litigant's contention that the district court should have warned her of the consequences of failing to file an opposition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

complaint is before an administrative judge awaiting a hearing date.² Chartier v. Foxx, 2015 WL 3617024, at *2 (C.D. Cal. Jun. 8, 2015).

In November 2014, plaintiff was transferred from the airspace and procedures department at the Los Angeles Air Route Traffic Control Center to the quality control department. Id. On December 19, 2014, plaintiff filed another formal EEO complaint alleging that the change in his assigned duties was discriminatory. Id. The FAA accepted the complaint for investigation but, as of June 8, 2015, has not issued a final agency decision. Id.

On January 22, 2015, plaintiff filed this action in federal court asserting three claims: (1) discriminatory accrual of retirement benefits; (2) discriminatory promotional eligibility; and (3) discriminatory reassignment of duties. Dkt. 1. Granting in part and denying in part the government's May 8, 2015 motion to dismiss plaintiff's complaint, the Court held as follows: (1) plaintiff had administratively exhausted his retirement benefits claim but nonetheless failed to state a claim because he did not specify whether he was bringing a disparate impact claim or a disparate treatment claim; (2) plaintiff administratively exhausted his promotional eligibility claim and could accordingly proceed on that claim; and (3) plaintiff had not administratively exhausted his reassignment claim which, therefore, was dismissed without prejudice. Dkt. 7; Chartier, 2015 WL 3617024, at *5-8.

On July 21, 2015, plaintiff filed his First Amended Complaint ("FAC"). In his FAC, plaintiff asserted both disparate impact and disparate treatment claims concerning the accrual of retirement benefits and promotional eligibility.³ See generally FAC. Granting in part and denying in part the government's August 24, 2015 motion to dismiss plaintiff's FAC, the Court dismissed without prejudice plaintiff's disparate impact claims concerning the accrual of retirement benefits and promotional eligibility on the grounds that these claims had not been administratively exhausted. See Dkt. 24, at 5-9. In

---

² The parties have not provided the Court with an update regarding the current status of plaintiff's EEO complaint.

³ Plaintiff's FAC did not re-assert his previously-dismissed reassignment claim. According to the government, plaintiff resolved his reassignment claim with the FAA through the administrative process. Dkt. 16 at 6 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

addition, the Court struck from the FAC plaintiff's demand for punitive damages, and further dismissed without prejudice plaintiff's disparate treatment claim concerning the accrual of his retirement benefits on the grounds that plaintiff had failed to state a claim. Id.

On October 26, 2015, plaintiff filed the operative SAC, again asserting disparate impact claims related to the alleged discriminatory accrual of retirement benefits and discriminatory promotion eligibility requirements, as well as a disparate treatment claim stemming from his non-promotion.[4]

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) ("In considering the plea for lack of jurisdiction, the formal allegations must yield to the substance of the claim."). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Therefore, when considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

### B.   Motion to Dismiss Pursuant to Rule 12(b)(6)

---

[4] Plaintiff's SAC does not reassert his previously-dismissed disparate treatment retirement accrual claim. See generally SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|

| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX |
|---|---|

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

    Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Disparate impact and disparate treatment are two distinct theories of discrimination. Raytheon Co. v. Hernandez, 540 U.S. 44, 52-55 (2003) (construing the ADA); see also Vinson v. Thomas, 288 F.3d 1145, 1152 (9th Cir. 2002) (explaining that there is no significant difference in the analysis of rights and obligations created by the ADA and the Rehabilitation Act, and thus the two Acts are construed the same). In a disparate treatment case, "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic.]" Raytheon, 540 U.S. at 52. "By contrast, disparate-impact claims 'involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.' " Id.

The two theories have different elements and proof requirements. For example, a disparate impact theory "lack[s] the requirement that the plaintiff prove intent and focus[es] on statistical analyses, [thus] requir[ing] that the defendant develop entirely different defenses, including the job relatedness of the challenged business practice or its business necessity. Neither of these are necessary to defend against a disparate treatment theory." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000); see also Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006) ("A neutral employment policy is the cornerstone of any EEO disparate-impact investigation, since the EEO must evaluate both the policy's effects on protected classes and any business justifications for the policy.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

As the Court observed in its order dismissing plaintiff's two disparate impact claims in the First Amended Complaint,

> plaintiff's EEO complaint alleged a disparate treatment claim to the effect that a non-disabled coworker with a similar job title accrued retirement benefits at a higher rate than he did. [Citation.] In other words, he alleged that he was being treated less favorably than his coworker. He did not allege any facially neutral practice that falls more harshly on him than on his coworker. The FAA cannot, therefore, be expected to have investigated the facts relevant to his disparate impact claim when presented only with his disparate treatment claim. See Pacheco v. Mineta, 448 F.3d 783, 791-92 (5th Cir. 2006) (holding that disparate impact investigation could not reasonably have been expected to grow out of plaintiff's administrative charge because plaintiff alleged disparate treatment and identified no neutral employment policy); Goethe v. Cal. Dep't of Motor Vehicles, 2008 WL 489554, at *5 (E.D. Cal. Feb. 20, 2008) ("[T]he majority of district court cases have held that complainants' disparate impact claims were not reasonably related to properly exhausted discrimination claims."); cf. Gomes v. Avco Corp., 964 F.2d 1330, 1334-35 (2d Cir. 1992) (finding that investigation of plaintiff's disparate impact claim would reasonably have flowed from investigation of his disparate treatment claim where plaintiff's agency complaint identified a facially neutral practice).

Dkt. 24, at 7, 8 ("The [other] charge in plaintiff's EEO complaint—that he was denied promotion while a non-disabled coworker with the same job title was promoted—is [also] a disparate treatment claim."). Accordingly, because plaintiff had not yet administratively exhausted his two disparate impact claims concerning the accrual of retirement benefits and promotional eligibility, the Court dismissed these disparate impact claims without prejudice. Id. at 9.

In the operative Second Amended Complaint, plaintiff again asserts disparate impact claims regarding his accrual of retirement benefits, SAC ¶¶ 30-46, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

promotional eligibility, SAC ¶¶ 47-49, on the grounds that contrary to the Court's previous finding, plaintiff did, in fact, administratively exhaust these claims by asserting them in his EEO complaint. Specifically, plaintiff alleges in his SAC that although "[d]efendant has claimed that the investigation was conducted regarding [only] disparate treatment . . . the bulk of [the FAA's] limited investigation regards FAA policy concerning support specialists or as related to the Plaintiff, disparate impact." SAC ¶ 10. According to plaintiff, "[t]here is virtually nothing investigated or mentioned [in the report] regarding promotion." Id. However, despite plaintiff's allegations to the contrary, the Court again concludes that plaintiff has not yet exhausted his administrative remedies with respect to his two disparate impact claims. These claims must, therefore, again be dismissed without prejudice.

First, as to plaintiff's retirement accrual claim, plaintiff's EEO complaint, as filed with the FAA, was styled solely as a disparate treatment claim—that is, a claim that he "receive[d] less credit per year for retirement while other support specialists in temporary status receive[d] greater credit." Toscano Decl., Ex. 2 (Plaintiff's September 24, 2013 EEO Complaint), at 2. This is further confirmed by the EEO Counselor's Report, which states that the claim that plaintiff discussed with the EEO counselor was that "[plaintiff] was placed on 'bad time' 4 years ago" while "co-worker Lisa McCurdy . . . was now on 'good time' after being converted from 'bad time.'" Toscano Decl., Ex. 1 (EEO's September 27, 2013 Counselor's Report), at 3. In other words, plaintiff's EEO claim, as to the accrual of retirement benefits, was that he was treated differently on account of his disability—specifically, that he was put on "bad time" while a co-worker was put on "good time."

Similarly, as to plaintiff's non-promotion claim, plaintiff's EEO complaint was again styled solely a disparate treatment claim: that is, a claim that he was "not allowed career progression while another support specialist [was] allowed to advance to [supervisor] without performing any operational duties." Toscano Decl., Ex. 2 (Plaintiff's September 24, 2013 EEO Complaint), at 2. The non-promotion claim that plaintiff discussed with the EEO counselor also confirms that plaintiff alleged being passed over for promotion in favor of a friend of the staff manager, and thereby had been discriminated against because of his disability. Specifically, the EEO Counselor's Report summarizes plaintiff's claim as stemming from allegations that he "was not 'allowed or offered' career progression while another Support Specialist, Robert Gagliano, progressed to a[] [supervisor] position without any operational time and was also given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
|---|---|---|---|
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

time as temporary operations manager" because "Mr. Gagliano is friends with Staff Manager, Bernie Hoffmann, who made the recommendation for the selection to Air Traffic Manager Tommy Graham." Toscano Decl., Ex. 1 (EEO's September 27, 2013 Counselor's Report), at 3. Thus, as the Court previously noted, "[t]he charge in plaintiff's] EEO complaint—that he was denied a promotion while a non-disabled coworker with the same job title was promoted—is a disparate treatment claim." Dkt. 24, at 8.

A review of the follow-up letter to plaintiff from the Department of Transportation's Departmental Office of Civil Rights also reveals that the claims, as fashioned in plaintiff's EEO complaint, were solely related to disparate treatment. The October 30, 2013 FAA Notice of Acceptance expressly states that, "based on a thorough review of [plaintiff's EEO] complaint, the EEO counselor's report and related documents, the following claims have been accepted for investigation":

> 1. Were you discriminated against based on your physical and mental disabilities (stroke and dystonia) when:
>
> a. in August 2013, you learned that a similarly situated coworker had been converted to "good time" whereas you continue to be on "bad time";
>
> b. in August 2013, you were not allowed or offered career progression while another Support Specialist progressed to a MSS3 position and was also given time as a temporary Operations Manager.

Toscano Decl., Ex. 3 (October 30, 2013 FAA Notice of Acceptance), at 1. The letter also admonished plaintiff to contact the Office of Civil Rights if he disagreed with the claims as stated; otherwise, the letter noted, the office would "assume that the claims are correctly stated and [would] proceed with the investigation." Id. Accordingly, the FAA's final "Report of Investigation," which plaintiff attaches to the Second Amended Complaint, lists only "Disparate Treatment" as the "Nature of [the] Action, decision or condition giving rise to [the] complaint." SAC, Ex. 3 (FAA Report of Investigation), at 1.

In sum, despite plaintiff's contention in the SAC to the contrary, plaintiff's EEO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00462-CAS-SHx | Date | December 8, 2015 |
| Title | JEFFREY D. CHARTIER V. ANTHONY FOXX | | |

complaint did not assert disparate impact claims regarding the accrual of retirement benefits and plaintiff's non-promotion. Accordingly, as the Court stated in its prior order dismissing plaintiff's disparate impact claims in the FAC, plaintiff has not administratively exhausted these claims, which must therefore be dismissed without prejudice. See Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir. 1984) (noting in the context of a Title VII case that "the [relevant agency] must be afforded an opportunity to consider disputes before federal suits are initiated" because "[b]ypassing the administrative process under such circumstances frustrates the policy of encouraging informal conciliation and fostering voluntary compliance").

## V. CONCLUSION

In accordance with the foregoing, defendant's unopposed motion for partial dismissal is **GRANTED**. Specifically, plaintiff's disparate impact claims concerning the accrual of retirement benefits and promotional eligibility are hereby **DISMISSED** without prejudice to being renewed upon administrative exhaustion of these claims. Plaintiff may proceed with his disparate treatment claim concerning promotional eligibility, which the government does not challenge in the instant motion.

Accordingly, the hearing date of **December 14, 2015 at 10:00 AM,** is vacated.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CL |